Hoke Law
Christopher V. Hoke, Esq.
101 E. 9th Ave., Suite 13B
Anchorage, AK 99501
p) (907) 887-1164
f) (877) 863-4299
chris@hoke-law.com

RECEIVED
APR 13 2020
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TYLER HECKS<br><br>　　　　Plaintiff,<br><br>VS.<br><br>CITY OF SELDOVIA;<br>ROBIN DANIELS<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>Case No. 3:20-cv-00083-SLG |

## COMPLAINT

NOW COMES Plaintiff, by and through counsel Christopher V. Hoke, in this Honorable court with the following complaint requesting a trial by jury for civil damages for violation of 42 U.S.C. §1983 and battery for harm sustained as a result of acts and omissions of the above named defendants and for violation of his liberties guaranteed by the Constitution of the United States of America.

**Introductory statement**

Police officers peaceably stop drivers on Alaska roads every day for traffic violations. They are peace officers entrusted with enforcing in the laws in a manner consistent with local, state and Federal law, state and Federal constitutions. Normally, drivers respect the authority

COMPLAINT
Hecks v. City of Seldovia                                      3:20-cv-_____-
Page 1 of 6
Case 3:20-cv-00083-SLG   Document 1   Filed 04/14/20   Page 1 of 7

RECEIVED

APR 13 2020

CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

of officers and pull over immediately. No force is required. Any time force is used by an officer upon a citizen, it must be objectively reasonable.

For violation of a driving infraction, it would be improper if officers used deadly force. While a driver may be acting in a manner which is illegal, there are few situations, if any, that would permit a police officer to cross over the middle of the road and drive into the path of another vehicle coming from the opposite direction, causing the vehicles to collide and substantial injury -- particularly if the vehicle is a motorcycle in which this manner of making a stop could be deadly. Use of deadly force is only permissible when an officer is threatened with death or substantial injury.

This complaint provides an allegation that unreasonable and excessive force was used to conduct a traffic stop in violation of Federal constitutional rights. The claim alleges violation of 43 U.S.C. § 1983 for excessive use of force and battery, causing serious injuries to the plaintiff.

## JURISDICTION AND VENUE

1. This court has jurisdiction pursuant to 28 U.S.C. §§1331, 1343(a)(3). All claims and attorney's fees arise under 42 U.S.C. §§ 1983 & 1988 for violations of Plaintiff's rights under the Constitution of the United States, and Alaska law for battery.

2. This court may award attorney's fees under 42 U.S.C. § 1988.

3. This Court's supplemental jurisdiction is conferred upon state law claims under 28 U.S.C. § 1367.

4. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(2) as it is the judicial district in which a substantial part of the events occurred.

HOKE LAW
101 E. 9th Ave. Suite 13B, Anchorage, AK 99501
907-887-1164 (p) • • 877-863-4299 (f)
chris@hoke-law.com

## PARTIES

5. Tyler Hecks is a resident of Alaska and a citizen of the United States.

6. Defendant City of Seldovia is a Municipal Incorporation established under Alaska's Constitution and State law.

7. Defendant Robin Daniels was formerly, but at all relevant times employed as the Chief of Police for the City of Seldovia Police Department, a municipal law enforcement agency within City of Seldovia, Alaska.

8. Defendants at all times relevant acted under color of state law by exercising municipal authority for the City of Seldovia, Alaska.

9. This suit is brought against all defendants in their individual and official capacities.

## FACTUAL ALLEGATIONS

10. The City of Seldovia Police Department received a complaint on April 1, 2018 that Mr. Hecks was riding his motorcycle possibly in excess of the posted speed limit on a gravel road leading from inside the City limits to an area outside the city limits.

11. In response to the citizen complaint Chief Daniels utilized his Ford F150 patrol vehicle and began driving toward the location of the reported infraction from the City Police Department, located within City limits.

12. That morning, plaintiff Tyler Hecks was driving a motorcycle on or about Jakolof Bay Rd. in Seldovia, Alaska. He had recently purchased the used vehicle, a motorized dirt bike, and was test-driving the vehicle to diagnose and correct mechanic issues with the transmission and gear systems of the motorcycle.

COMPLAINT
Hecks v. City of Seldovia                                      3:20-cv-_____-
Page 3 of 6
Case 3:20-cv-00083-SLG   Document 1   Filed 04/14/20   Page 4 of 7

HOKE LAW
101 E. 9th Ave. Suite 13B, Anchorage, AK 99501
907-887-1164 (p) •• 877-863-4299 (f)
chris@hoke-law.com

13. As Mr. Hecks was driving, he was unaware that he was being followed, driving a loud motorcycle.

14. Chief Daniels claims to have had sirens and flashing lights on and to have been pursuing Mr. Hecks from a distance due to Mr. Hecks speed, but has never been characterized as a high-speed chase.

15. Seldovia, Alaska is a small town not connected to the Alaska Highway system, and Jakalof Bay Road is the longest road in town stretching miles in each direction from downtown Seldovia. This a two lane unpaved road.

16. At some point, Mr. Hecks turned his motorcycle around and began driving back up the other direction, unknowingly towards Chief Daniels.

17. At a point in the road in which Hecks was driving up a hill and winding in one direction, Chief Daniels F150 crowned over the hill and then swerved his vehicle across the center of the road and in front of Mr. Hecks.

18. Trying to avoid being hit by Chief Daniels' vehicle, Mr. Hecks jammed on his brakes and veered his motorcycle as far to the right of his lane as possible. Mr. Hecks was unable to stop his vehicle and was struck by Chief Daniels' vehicle.

19. The collision caused Mr. Hecks to be knocked off the vehicle, landing in the ditch on the side of the road, causing fractures, requiring medical attention and airlift to the nearest hospital in Homer, Alaska, hospitalization and surgery.

20. When emergency medical attention arrived,

//

HOKE LAW
101 E. 9th Ave. Suite 13B, Anchorage, AK 99501
907-887-1164 (p) • • 877-863-4299 (f)
chris@hoke-law.com

COMPLAINT
Hecks v. City of Seldovia
Page 4 of 6
3:20-cv-_____ -
Case 3:20-cv-00083-SLG   Document 1   Filed 04/14/20   Page 5 of 7

## COUNT I- VIOLATION OF 42 USC §1983 – FOURTH AMENDMENT UNREASONABLE SEIZURE - Use of Excessive Force

21. Paragraphs 1 through 20 are hereby re-alleged and incorporated by reference.

22. Seldovia Police Chief Robin Daniels was acting as a police officer under color of state law employed by and representing the City of Seldovia when he drove his vehicle striking Mr. Hecks.

23. The Fourth Amendment of the United States Constitution protects against unlawful seizures and excessive force, and Mr. Hecks had the right not to be subjected to excessive force in a traffic stop by an officer.

24. Chief Daniels actions were in violation of the Fourth Amendment, having used more than the necessary amount of force needed to make a traffic stop; and considering Mr. Hecks was on a motorcycle, this force should be considered deadly force.

25. Chief Daniels did not have probable cause to believe the Mr. Hecks posed a significant threat of injury to other the himself of others.

26. Chief Daniels actions and use of force were objectively unreasonable to conduct a traffic stop under the circumstances of stopping an individual on a motorcycle.

27. The actions of Chief Daniels were the cause of substantial and unreasonable injuries to Mr. Hecks, causing harmful damages.

## COUNT II – STATE LAW BATTERY

28. Paragraphs 1 through 27 are hereby re-alleged and incorporated by reference

29. Defendants caused offensive, non-consensual and unlawful contact with Mr. Hecks by striking him with a police truck.

HOKE LAW
101 E. 9th Ave. Suite 13B, Anchorage, AK 99501
907-887-1164 (p) • • 877-863-4299 (f)
chris@hoke-law.com

COMPLAINT
Hecks v. City of Seldovia
Page 5 of 6
3:20-cv-_____ -
Case 3:20-cv-00083-SLG   Document 1   Filed 04/14/20   Page 6 of 7

30. Defendants act of driving a truck at a motorcycle driving in the opposite direction is a deliberate act intending the consequences which occurred, striking the vehicle.

31. Defendants conduct caused Mr. Hecks to suffer serious physical harm, pain and suffering.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff demands the following relief:

a. Damages to be determined at trial;

b. Attorney's fees pursuant to 42 U.S.C. §1988

c. Costs, interest and further relief as this Court may deem just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial as to all issues.

Dated this 1st day of April 2020, at Anchorage, Alaska.

Respectfully Submitted,

By: _____
Christopher V. Hoke
Alaska Bar No. 1211098

HOKE LAW
101 E. 9th Ave. Suite 13B, Anchorage, AK 99501
907-887-1164 (p) • 877-863-4299 (f)
chris@hoke-law.com